UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA POLLARD, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:14-cv-00345-SEB-MJD |
| CAROLYN COLVIN, | ) |
| Defendant. | ) |

**ORDER GRANTING EAJA FEES**

This matter comes before the Court on Cynthia Pollard's ("Plaintiff") Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA). [Dkt. 19.] For the following reasons, the Court **GRANTS** Plaintiff's motion.

### I. Background

Plaintiff filed her Complaint with this Court on March 6, 2014 and filed her brief in support of her Complaint on July 23, 2014. [Dkts. 1, 15.] Instead of responding substantially to Plaintiff's arguments, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), filed a Joint Motion for Reversal with a Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) of the Social Security Act. [Dkt. 16.] The District Judge granted the Commissioner's motion for reversal and remand "for proceedings as set forth in the parties' Joint Motion." [Dkt. 17.] Accordingly, final Judgment was issued on September 11, 2014 pursuant to Federal Rule of Civil Procedure 58 "in favor of the Plaintiff." [Dkt. 18.] On December 10, 2014, Plaintiff filed his application for attorney fees

1

pursuant to the EAJA. [Dkt. 19.] The Commissioner "does not object to Plaintiff's Motion for Attorney Fees," which motion is now before the Court. [Dkt. 21.]

## II. Discussion

Pursuant to the Equal Access to Justice Act (EAJA), "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). In order to succeed in a motion for EAJA fees, the movant must, "within thirty days of final judgment in the action," file her application (1) showing that she is a prevailing party, (2) providing the Court with an itemized statement that represents the rate of computation of the fees, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Even where all of these requirements are met, however, the court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

First, although the Plaintiff did not address the timeliness of the motion in her brief, the Court must ensure that the EAJA's threshold deadline has been met. [*See* Dkt. 20.] Although section 2412(d)(1)(b) states that an application for fees and expenses must be filed "within thirty days of final judgment in the action," the Supreme Court has clarified that the "30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). When one of the parties is a United States agency or officer, such as the Acting Commissioner of the Social Security Administration, the notice of appeal may be filed within 60 days after entry of the final judgment. Fed. R. App. P. 4(a)(1)(B). Thus, Plaintiff's 30-day EAJA clock did not begin to run until 60 days after the September 11, 2014

date of final judgment, and Plaintiff's motion was filed on December 10, 2014, precisely 90 days after final judgment was issued. Accordingly, Plaintiff's motion for attorney fees was timely filed.

In her brief, Plaintiff first indicates that she meets the prevailing party requirement under the standard set forth in *Shalala v. Schaefer*. [Dkt. 20 at 1-2.] Indeed, in 1993, the Supreme Court confirmed that a Plaintiff whose complaint is remanded to an administrative law judge for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g), qualifies as a "prevailing party" under section 2412(d)(1)(B). *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). Accordingly, because Plaintiff's Complaint was remanded pursuant to sentence four of 42 U.S.C. § 405(g), she has met the prevailing party requirement.

Plaintiff next asserts that the Commissioner was not substantially justified in her position because it was not supported by substantial evidence. [Dkt. 20 at 2.] In support of this assertion, Plaintiff indicates that the burden rests on the Commissioner to successfully assert that the position of the Social Security Administration was substantially justified. [*Id.*] As indicated by the Plaintiff, "[t]he Commissioner bears the burden of proving that both [her] pre-litigation conduct, including the ALJ's decision itself, and [her] litigation position were substantially justified." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). Here, instead of responding substantively to Plaintiff's motion and asserting that her position was substantially justified, the Commissioner wrote that "she does not object to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act." [Dkt. 21.] Accordingly, because the Commissioner elected not to carry her burden of proving that her position was substantially justified, Plaintiff meets the EAJA's threshold requirement of asserting that the Commissioner's position in this matter was not substantially justified.

Plaintiff then addresses the reasonableness of the attorney fees requested, first asserting that $185.62 is a reasonable hourly rate pursuant to the EAJA. [Dkt. 20 at 3-8.] A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language additionally permits that the court may allow for "an increase in the cost of living" to justify a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit recently held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, No. 13-3654, 2015 WL 301182, at *1 (7th Cir. Jan. 23, 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.,* at *7.

Here, Plaintiff used "the Midwest Urban CPI" for "the First Half of 2014" as compared to March of 1996, when the relevant portion of the EAJA was authored, arriving at $185.62 from $125. [Dkt. 20 at 4.] In addition, Plaintiff attached several charts displaying the standard hourly billing rates for attorneys in the Indianapolis-Carmel, Indiana statistical area, which show that even an attorney with less than two years of legal experience who charges in the lower quartile in 2009 charged at a rate of $185.00 per hour. [Dkt. 20-4.] Accordingly, Plaintiff has presented sufficient proof that the requested rate of $185.62 does not exceed the prevailing market rate and is therefore reasonable under the standard set forth in *Sprinkle v. Colvin*.

The last topic that the Court must consider is Plaintiff's assertion that she seeks fees for a reasonable expenditure of time with regard to this matter. [Dkt. 20 at 7-8.] In support of this assertion, Plaintiff submitted Time Records for her attorney of record, J. Frank Hanley, and for attorney Eric Schnaufer, totaling 16.5 hours. [Dkts. 20-1, 20-2.] In response, the Commissioner does not assert that this is an unreasonable amount of time to spend on the matter in federal court. [*See* Dkt. 21.] Additionally, under the EAJA a reasonable number of hours may include the amount of time spent researching and drafting a motion for EAJA fees. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990). The Court has conducted an independent review of the itemized statement submitted and finds that 16.5 hours is a reasonable amount of time for two attorneys to collectively spend drafting the complaint, researching and drafting the brief in support of the complaint, communicating in pursuit of the matter, reviewing and revising the joint motion to remand, researching and drafting the motion for EAJA fees, and reviewing other entries in the matter. [Dkts. 20-1, 20-2.] Accordingly, the Court finds that Plaintiff's request for EAJA fees for 16.5 hours expended at the rate of $185.62 per hour is a reasonable request.

Additionally, the Court is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" having taken place in this matter on behalf of Plaintiff or her counsel, so the Court will not reduce or deny an award of fees or expenses for that reason, pursuant to 28 U.S.C. § 2412(d)(1)(C)

### III. Conclusion

For the aforementioned reasons, Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA) is **GRANTED**. [Dkt. 19.] As the prevailing party and having met all other requirements under the EAJA, Plaintiff is entitled to her reasonable attorney's fee in the total amount of three thousand, sixty-two dollars and seventy-three cents ($3,062.73)—three

hundred fifty-two dollars and sixty-eight cents for the efforts of Mr. Hanley ($352.68) and two thousand, seven hundred ten dollars and five cents for the efforts of Mr. Schnaufer ($2,710.05).

Date:  02/26/2015

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov